IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH WAYNE BELL, SR., <br> ADC #167455 <br> Plaintiff, | * <br> * <br> * <br> * | |
| v. | * | No. 4:18cv00795-SWW-JJV |
| TESHARA GARLINGTON; *et al.* | * <br> * <br> * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Keith Wayne Bell, Sr. ("Plaintiff"), currently confined in the Faulkner County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He sued Rally's Hamburgers ("Rally's") and Teshara Garlington, a Rally's manager. (*Id*.) According to his Complaint, Plaintiff was arrested on September 6, 2018, and bond was set at $5,000. (*Id*. at 4.) At the time, he was apparently employed by Rally's. (*Id*.) Plaintiff alleges that Defendant Garlington offered to take Plaintiff's paycheck to bail him out, but then spent the money instead. (*Id*.) When Plaintiff contacted Defendant Garlington, she allegedly hung up on him. (*Id*.) Plaintiff seeks to recover his paycheck and unemployment fees and to be compensated for his time in jail. (Doc. No. 2, at 5.) After carefully reviewing Plaintiff's Complaint, I find that he failed to state a claim upon which relief can be granted and recommend that his Complaint be dismissed without prejudice.

### II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

III. ANALYSIS

To state a claim under § 1983, a plaintiff must show two essential elements: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa,* 557 F.3d 564, 571 (8th Cir. 2009) (internal citation omitted).

"[T]o act under color of state law for § 1983 purposes does not require that the defendant be an officer of the State." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (internal quotations omitted). "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Id*. "[A] private actor, may be liable under

3

§ 1983 only if [he or she] 'is a willing participant in joint action with the State or its agents.'" *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (internal citation omitted).

Defendant Garlington is a private individual, and Rally's is a private entity. The allegations in Plaintiff's Complaint do not indicate the involvement of any state actor. To state a claim under § 1983, at the very least Plaintiff's Complaint would have to allege or imply that Defendants were willful participants with a state actor. Plaintiff, however, has not done so. As a result, his § 1983 claims fail. Accordingly, Plaintiff's Complaint should be dismissed without prejudice.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of November, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."